IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00308-BNB

ALMA GALVEZ,

     Plaintiff,

v.

COLORADO ORTHOPEDICS CONSULTANTS,

     Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE FOURTH AMENDED COMPLAINT

---

Plaintiff, Alma Galvez, initiated this action on February 3, 2014, by filing *pro se* a Title VII Complaint (ECF No. 1) alleging employment discrimination based on race.  She has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On February 4, 2014, Magistrate Judge Boyd N. Boland entered an Order Directing Plaintiff to Cure Deficiencies (ECF No. 4), which instructed Ms. Galvez to submit a Title VII complaint that provided factual allegations in support of her claim for relief or, alternatively, to attach a copy of the charge of discrimination she submitted to the Equal Employment Opportunity Commission.  On March 5, 2014,  Magistrate Judge Boyd N. Boland reviewed the Amended Title VII Complaint (ECF No. 8) and ordered Ms. Galvez to file a second amended complaint that sued the proper defendant—*i.e.*, Plaintiff's employer.  (*See* ECF No. 12).  On April 3, 2014, Ms. Galvez filed a Second Amended Complaint (ECF No. 13) that named her employer as the Defendant, but Ms. Galvez did not file on the Court-approved form for filing a Title VII complaint.  On April 28, 2014, Ms. Galvez filed a Third Amended Title VII Complaint (ECF No. 15) on the

Court-approved form.

The Court must construe the Third Amended Title VII Complaint liberally because Ms. Galvez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10tth Cir. 1991).  However, the court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Ms. Galvez will be ordered to file a fourth amended Title VII complaint.

The Court has reviewed the Third Amended Title VII Complaint filed by Ms. Galvez in this action and finds that it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the bases for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings

2

violate the requirements of Rule 8.

Ms. Galvez fails to set forth a short and plain statement of her claims showing that she is entitled to relief.  In the Third Amended Complaint, Ms. Galvez makes vague and conclusory assertions that Defendant discriminated against her on the basis of her race.  Plaintiff does not provide enough information to inform the Court or the Defendant about the factual basis of the claims.  Instead, the Third Amended Complaint includes numerous attached documents that do not shed light on the claims Ms. Galvez is attempting to assert in this action.

In order for Ms. Galvez to state a claim in federal court, her complaint "must explain what each defendant did to [her]; when the defendant did it; how the defendant's action harmed [her]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  Moreover, neither the Court nor Defendant is required to guess in order to determine the specific factual allegations that support Plaintiff's purported claims.  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Ms. Galvez will be given a final opportunity to file a fourth amended Title VII complaint that complies with the pleading requirements of Rule 8.  Ms. Galvez must present her claims in a manageable format that allows the Court and the Defendant to know what claims are being asserted and to be able to respond to those claims.  Accordingly, it is

ORDERED that Ms. Galvez file **within thirty (30) days from the date of this Order** a fourth amended Title VII complaint that complies with this Order.  It is

FURTHER ORDERED that Ms. Galvez may obtain the court-approved Title VII Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Ms. Galvez fails to file a fourth amended Title VII complaint that complies with this Order to the Court's satisfaction within the time allowed, the action may be dismissed without further notice.

DATED April 30, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge